**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

The State, Respondent,

v.

Cortez Javar Whitener, Appellant.

Appellate Case No. 2024-000164

---

Appeal from Fairfield County
Bentley Price, Circuit Court Judge

---

Unpublished Opinion No. 2026-UP-344
Submitted June 5, 2026 – Filed July 8, 2026

---

**AFFIRMED**

---

Senior Appellate Defender Kathrine Haggard Hudgins, of Columbia, for Appellant.

Attorney General Alan Wilson and Senior Assistant Attorney General Mark Reynolds Farthing, both of Columbia, for Respondent.

---

**PER CURIAM:** This appeal arises out of shots being fired near a birthday party. Appellant Cortez J. Whitener challenges the trial court's denial of his directed verdict motion. Whitener argues the trial court erred by determining the State met its burden of establishing the corpus delicti for a breach of the peace of a high and

aggravated nature (BPHAN) and unlawful carrying of a pistol.  Whitener asserts that none of the evidence presented by the State independently corroborated Whitener's confession.  We affirm.

"In a criminal case, a conviction cannot be based solely on the defendant's uncorroborated extra-judicial confession." *City of Easley v. Portman*, 327 S.C. 593, 595, 490 S.E.2d 613, 614 (Ct. App. 1997).  "[G]enerally speaking, the term 'corpus delicti' means, when applied to any particular offense, that the specific crime has actually been committed." *State v. Teal*, 225 S.C. 472, 474, 82 S.E.2d 787, 788 (1954).  "Direct evidence of the corpus delicti, however, is not required." *Portman*, 327 S.C. at 595–96, 490 S.E.2d at 615 (emphasis omitted).  Critically, "[i]ndependent proof of the defendant's identity as the guilty party is not required to prove the corpus delicti." *Id.* at 596, 490 S.E.2d at 615 (emphasis omitted).

The corpus delicti for a breach of the peace in a high and aggravated nature is: (1) disturbing public tranquility (2) by an act or conduct inciting to violence (3) in a high and aggravated nature.  *See State v. Simms*, 412 S.C. 590, 594, 774 S.E.2d 445, 447 (2015) ("A breach of the peace is a common law offense."); *id.* at 594–95, 774 S.E.2d at 447 ("In general terms[,] a breach of peace is a violation of public order, a disturbance of the public tranquility, by any act or conduct inciting to violence, which includes any violation of any law enacted to preserve peace and good order." (quoting *State v. Poinsett*, 250 S.C. 293, 297, 157 S.E.2d 570, 571 (1967))); *id.* at 595, 774 S.E.2d at 447 ("Whether conduct constitutes a breach of the peace depends on the time, place, and nearness of other persons." (quoting *State v. Peer*, 320 S.C. 546, 552, 466 S.E.2d 375, 379 (Ct. App. 1996))); *id.* at 596, 774 S.E.2d at 448 (providing that while a simple breach of the peace is a common law offense, our legislature determined that a simple breach of the peace may be elevated to BPHAN when aggravating circumstances exist (citing S.C. Code Ann. § 22-5-150 (2025))).

We hold the trial court did not err by denying the directed motion verdict as to the BPHAN charge because the State met its burden of establishing the corpus delicti for BPHAN.  As to disturbing the public tranquility, Whitener conceded that the public tranquility was disturbed because Whitener's counsel conceded in closing argument that there was "a breach of the peace."  Even if Whitener had not conceded this point, there was testimony from (1) Investigator Micheal Autry of the Fairfield County Sheriff's Office that the scene was "pandemonium" after gunshots were fired, with over fifty people running around; and (2) a witness that she drove into a ditch because of the gunshots.  Further, as to the "by an act inciting to violence" component, there was testimony that there were shell casings

near the party and multiple witnesses testified to hearing or seeing gunshots. Finally, the use of a gun in a crowded area supports the high and aggravated addition to a breach of the peace charge. *See id.* at 596, 774 S.E.2d at 448 (concluding that "a wide variety of factual circumstances" could elevate simple breach of peace to BPHAN); *cf.* S.C. Code Ann. § 16-25-65 (Supp. 2025) (providing that a person who uses a deadly weapon while committing domestic violence is guilty of domestic violence of a high and aggravated nature); *cf.* S.C. Code Ann. § 16-3-20(C)(a)(1)(e)-(f), (3) (2015) (providing the trial court "shall include in [the trial court's] instructions to the jury for it to consider [when conducting a death penalty sentencing proceeding] . . . [s]tatutory aggravating circumstances: (1) [t]he murder was committed while in the commission of the following crimes or acts: . . . (e) robbery while armed with a deadly weapon[,] (f) larceny with use of a deadly weapon[,] . . . [and] (3) [t]he offender by his act of murder knowingly created a great risk of death to more than one person in a public place by means of a weapon or device which normally would be hazardous to the lives of more than one person").

The corpus delicti for unlawful carrying of a pistol is: (1) carrying on your person a gun (2) in a residence or dwelling place of another person (3) without the express permission of the owner or person in legal control or possession of the residence or dwelling place. S.C. Code Ann. § 16-23-20(A)(10) (Supp. 2025) ("It is unlawful, whether or not the person has a concealed weapon permit, for anyone to carry about the person any handgun, whether concealed or not, unless otherwise specifically authorized by law into a[] residence or dwelling place of another person without the express permission of the owner or person in legal control or possession of the residence or dwelling place, as appropriate . . . .").

We hold that the trial court did not err by denying the directed verdict motion for the unlawful carrying of a pistol charge because the State established the corpus delicti through independent evidence, specifically the birthday party host's testimony and the recording of Whitener's call from jail to his mother. The birthday party host testified that guests to the party were not permitted to bring guns to the party, which was sufficient evidence that any person who carried a gun to the party did not have permission from the owner to do so. During the phone call, Whitener admitted to his mother that he was carrying a gun on his person while at the party, establishing that there was a carrying of a gun on the person. *Portman*, 327 S.C. at 595–96, 490 S.E.2d at 615 ("Direct evidence of the corpus delicti, however, is not required. Circumstantial evidence will do." (citation omitted) (emphasis omitted)).

For foregoing reasons, Whitener's convictions and sentences are

**AFFIRMED.**[1]

**GEATHERS, HEWITT, and VINSON, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.